UNITED STATES DISTRICT COURT
                             DISTRICT OF MAINE

MARIE BARBARA BOURGOIN            )
                                  )
        Plaintiff                 )
                                  )
v.                                )   2:11-cv-00120-DBH
                                  )
UNICREDIT GROUP, et al.,          )
                                  )
        Defendants                )

                           **RECOMMENDED DECISION**

On March 31, 2011, pro se plaintiff Marie Barbara Bourgoin paid the $350 filing fee and filed a thirty-seven page complaint with the court. Bourgoin's complaint lists herself as the plaintiff, but explains that she is suing the defendants in various capacities ranging from her capacity as "The Daughter of the Blessed Virgin Mary" to that of a victim "[p]ersecuted by Maine Council of Bishops and Each and Everyone of its Employees and Subsidiaries." Bourgoin then names as defendants close to one hundred individuals and entities, with Unicredit Group located in Milano, Italy as the lead defendant. Ultimately the caption of the complaint accounts for more than twenty-seven pages. On page twenty-eight of the complaint, Bourgoin explains that she is suing all of the defendants for fraud and that there is a basis for federal court jurisdiction because, among her host of defendants, are a bevy of federal agencies. Indeed, listed among the various defendants are governmental agencies, including the Social Security Administration and the United States Navy.

After receipt of the filing fee, the clerk's office provided Bourgoin with a letter regarding her obligation to effect service upon the defendants. Nothing further was heard from the plaintiff or any defendant. The complaint itself was accompanied by a cover letter, a copy of an article about the Supreme Court reproduced from the Sun Journal (a Maine newspaper), and a proposed

order for injunctive relief. The proposed order would require each defendant to immediately turn over all of Bourgoin's legal documents, cease any contact with her, and prohibit certain individuals from speaking with Bourgoin. On May 17, 2011, Bourgoin contacted the clerk's office in an attempt to ascertain why her request for immediate injunctive relief as reflected in the proposed order had not yet been signed by the judge. The matter was immediately referred to me for report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

## Discussion

The obvious answer to Bourgoin's query regarding the court's failure to sign an order granting her immediate injunctive relief can be found in Rule 65 of the Federal Rules of Civil Procedure. Bourgoin has failed to comply with the rule in a number of respects, including her failure to give notice to the adverse parties and her failure to file an affidavit or verified complaint that clearly shows that immediate and irreparable injury will occur to her before the adverse party can be heard in opposition. These procedural defects alone account for the court's failure to sign the proposed order that was submitted with the complaint.

However, even if Bourgoin had complied with Rule 65 in filing her motion for a temporary restraining order and/or permanent injunction, this court could not grant injunctive relief on the basis of the substantive content of the documents and exhibits submitted.

Boston Duck Tours, LP v. Super Duck Tours, LLC, explains:

> When deciding a motion for a preliminary injunction, a district court weighs several factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007). The first factor, the plaintiff's likelihood of success, is "the touchstone of the preliminary injunction inquiry." Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998).

531 F.3d 1, 11 (1st Cir. 2008).

Bourgoin has not come close to establishing that she has a likelihood of success on the merits of the complaint as it is currently fashioned. She repeatedly asserts that she is entitled to damages in the high trillions with respect to her numerous defendants.  Her claims for monetary damages against the Social Security Administration and other federal government agencies normally will fail because of the doctrine of sovereign immunity.  Elgin v. U.S. Dept. of the Treasury, __F.3d __, __, 2011 WL 1332171, *2 (1st Cir. 2011) ("Suits against the federal government itself or its departments - the plaintiffs' target here - are complicated by sovereign immunity considerations.").  Any appeal(s) of the decisions of the Social Security Administration must be handled through the appropriate administrative process.  This Court's jurisdiction regarding social security matters arises solely and exclusively pursuant to 42 U.S.C. § 405(g) and there is no other federal question jurisdiction in these matters.  Weinberger v. Salfi, 422 U.S. 749, 756- 57 (1975).  This means that Bourgoin would have to plead and prove that she had exhausted all available administrative remedies and was appealing to this court from adverse final agency action.

After concluding that Bourgoin's claims against federal agencies have no legs, it becomes apparent that this court's jurisdiction over the non-diverse group of individual defendants sued for fraud is suspect under 28 U.S.C. § 1332(a) because some of the defendants are Maine individuals.  See e.g., Picciotto v. Continental Cas. Co., 512 F.3d  9, 17 (1st Cir. 2008) ("This statutory grant requires complete diversity between the plaintiffs and defendants in an action.").  Fraud is a state law claim and the only basis for this court's exercise of jurisdiction over Bourgoin's fraud complaints against other than federal agencies would have to arise under this court's diversity jurisdiction.

Even if complete diversity were present, Bourgoin's fraud claims would fail in any event because the claims have not been pled with the required specificity. In federal court state law fraud claims must be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985). "The Civil Rules explicitly require that '[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity.' Fed.R.Civ.P. 9(b). In such cases, the pleader usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004). Thus, I conclude that there is no likelihood of success on the fraud claim because the complaint does not even state a claim for fraud with sufficient particularity to survive a motion to dismiss.

I acknowledge that Bourgoin states in Paragraph 26 of her complaint that the defendants and their attorneys violated the Geneva Treaty, the Civil Rights Act, the Rehabilitation Act, the Fair Housing Act, the American Civil Disabilities Act, the EEOC Act, the Coercion Act, and the No Fear Act. (Compl. ¶ 26, Doc. No. 1.) However, this conclusory menu of federal rights violations is certainly outside the bounds of the adequate pleading standards staked-out in Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937(2009).

The clerk has already alerted Bourgoin to her obligation pursuant to Rule 4 of the Federal Rules of Civil Procedure to either serve a copy of the summons and complaint on each defendant or obtain valid waivers of service from each of them. Pursuant to Rule 4 (m), Bourgoin has 120 days to accomplish that task. Before expending more money and effort in completing service of process, Bourgoin might be well advised to re-evaluate the merits of her lawsuit and ascertain whether it might be appropriate to proceed in some other fashion, should the court adopt this

recommended decision and determine that there is little likelihood of success on the merits of the current complaint.

## Conclusion

Based upon the foregoing, I recommend that the court deny the request for injunctive relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 18, 2011