UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARIE BARBARA BOURGOIN, )
)
       Plaintiff )
)
)
v. ) 2:11-cv-00120-DBH
)
UNICREDIT GROUP, et al., )
)
       Defendants )

# RECOMMENDED DECISION
## and
# ORDER ADDRESSING RECUSAL

Three of the defendants in the above-referenced matter have filed motions to dismiss: American Suzuki Financial Services (Doc. No. 20), Allstate Insurance Company, and Encompass Insurance (Doc. No. 21). Additionally, Allstate and Encompass request that this court enter an order barring Bourgoin from engaging in further litigation against them. (Id.) Bourgoin has filed a response to American Suzuki's motion, but has not responded to the Allstate/Encompass motion. (See Doc. No. 24; see also Doc. No. 25, response to corporate disclosure statement.) These motions have been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636. I recommend that the court grant both motions. However, two events have transpired since the date of that referral which I believe I should address before proceeding to the merits of my recommendations regarding the two pending motions.

First, Ms. Bourgoin has filed a complaint against me in the First Circuit complaining about judicial misconduct pursuant to the Rules for Judicial-Conduct and Judicial Disability Proceedings. The complaint includes allegations that I am a communist and a "criminal

magistrate" and that I inappropriately handled her civil lawsuit when I issued a recommendation that she not be granted preliminary injunctive relief based upon the filings that she had made in this court.

Second, Ms. Bourgoin filed a document with the First Circuit Court of Appeals that was forwarded to this court on July 14, 2011. The clerk of the United States Court of Appeals directed this court to construe the document as "a pro se notice of appeal that was mistakenly filed in the Court of Appeals on July 8, 2011." (See Doc. No. 27-1.) The case, as docketed in the Court of Appeals, bears the caption Marie Barbara Bourgoin v. Magistrate Judge Kravchuk, Case No. 11-cv-00120. The case as filed in this court is captioned Bourgoin v. Unicredit Group, et al., 2:11-cv-00120-DBH. I cannot find my name anywhere among the over one hundred defendants named in the original March 31, 2011, complaint[1] or in the amended complaint filed in June 2011.

*The Recusal Related Issues*

To anticipate Ms. Bourgoin's objection to this recommended decision, I note that even though 28 U.S.C. § 455(b)(5)(i), as well as Canon 3C(1) of the Code of Judicial Conduct, requires disqualification when a judge is a party to the proceeding, the First Circuit has stated that recusal is not mandatory when suit is either threatened or initiated against a judge:

> In order to guard against "judge-shopping," courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge. Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) (table); see also, e.g., United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It

---

[1] I realize that in Bourgoin's Notice of Appeal she claims that on March 31, 2011, she sued me in "at least one-half page of claims in different capacities" and that someone connected with the clerk's office routinely removes defendants' names from her pleadings. To the best of my knowledge, information, and belief, Ms. Bourgoin never even heard of me until May 18, 2011, when I issued a recommended decision regarding her motion for a preliminary injunction. I have reviewed both Ms. Bourgoin's original complaint and her amended complaint filed on June 6, 2011, and I do not find my name among the hundreds of defendants in this action.

cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) (same), cert. denied, 435 U.S. 954 (1978).

Tamburro v. City of East Providence, Nos. 92-1321, 92-1322, 92-1323, 92-1324, 981 F.2d 1245, (table), 1992 WL 380019, * 1, 1992 U.S. App. LEXIS 32825, at 3- 4 (1st Cir. Dec. 18, 1992) (unpublished). In the present case there is no lawsuit actually pending wherein I have been named as a defendant, in spite of the caption and allegations that have been made in connection with the interlocutory appeal. Furthermore, the allegations of both the misconduct complaint and the interlocutory appeal are squarely aimed at the merits of my recommendation.

I am able to discern no legal basis for recusal in this case. I am mindful that under 28 U.S.C. § 455, a judge must recuse herself in any proceeding "in which his impartiality might reasonably be questioned," or in which the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). Thus, a judge may be disqualified if: "(1) the judge's impartiality may reasonably be questioned; or (2) he has a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). A judge likewise "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 141 (1st Cir. 1994) ("The restricted mandate to disqualify is calculated to induce a judge to tread the narrow path between timidity and tenacity."). I have no personal bias or prejudice concerning Marie Bourgoin, having never met her and, given the tenor of the complaint, I do not believe that my impartiality might reasonably be questioned by any reasonable person reviewing the record.

My conclusion in this regard is further buttressed by the fact that on August 10, 2011, I received notification that the Chief Judge of the First Circuit Court of Appeals summarily dismissed the judicial misconduct complaint brought by Ms. Bourgoin.

*The Pendency of the Interlocutory Appeal*

Generally the filing of a notice of appeal divests the district court of jurisdiction over the case, but Federal Rule of Civil Procedure 62 represents a limited departure. <u>Bradford-Scott Data Corp. v. Physician Computer Network, Inc</u>., 128 F.3d 504, 505 (1st Cir. 1997)(noting the court may conduct proceedings looking toward permanent injunctive relief while an appeal about the grant or denial of a preliminary injunction is pending). Rule 62(a) clarifies that, unless a court orders otherwise, an interlocutory injunction is not stayed pending appeal and Rule 62(c) clarifies that when a court denies an injunction, the trial court may proceed on terms that secure the parties' rights. In the present case, the court has declined to enter an interlocutory injunction and neither party has moved for a stay of the underlying case pending the resolution of that question on appeal.

Given that no party presently before the court has moved to stay the action and the unlikelihood that all the putative defendants will ever be properly served, the fair and efficient administration of justice would dictate that this court continue to manage the case and address motions filed by the parties moving the case toward resolution while awaiting resolution of Bourgoin's interlocutory appeal. Much of the relief that Bourgoin sought in her preliminary injunction, including immediate payments of social security benefits and "quashing" a competency hearing allegedly scheduled in a Florida proceeding, (<u>see</u> Prop. Order of Immediate Injunctive Relief, Doc. No. 1-3), has no apparent connection with the defendants who have filed the present motions. Should the First Circuit Court of Appeals remand this case with instructions

regarding the entry of injunctive relief, the record will need to be further clarified in any event and these recommendations regarding the responding defendants' motions will hopefully provide that additional clarification regardless of the outcome of the interlocutory appeal.

**DISCUSSION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, __, 129 S. Ct. 1937, 1949 (2009).

Because Bourgoin is a pro se litigant, her complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and her pleadings may be interpreted in light of supplemental submissions, such as her responses to the motions to dismiss, Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002); Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003).

The complaint and subsequent pleadings submitted by Bourgoin defy logical analysis. The most consistent theme that emerges appears to be that any lawyer, law firm, or judicial officer who attempts to respond to her various pleadings then becomes the focus of additional implausible allegations. The initial complaint in this action, against approximately 275 +/-

different defendants, was filed in this court on March 31, 2011. On June 6, 2011, Plaintiff filed an Amended Complaint against approximately 325 +/- defendants (collectively, the "Defendants"), including, but not limited to, Allstate, Encompass, and American Suzuki Financial Services[2], the three defendants who have filed motions to dismiss. Additional defendants are too numerous to list but they do include the Emirate Group, Governor Angus King, Sylvester Stallone, Judge Daniel Lewis, Angelina Jolie, Brad Pitt, Governor Lepage, and multiple law firms and attorneys including Allstate and Encompass' counsel, the Bernstein Shur law firm. In addition, Bourgoin asserts that she is filing the amended complaint in various different capacities, including her capacity as the Daughter of the Blessed Virgin Mary.

I have tried to examine the amended complaint for allegations relating solely to the three named defendants, not including the allegations against law firms or lawyers representing these three defendants. I found the following:

> Each Defendant is insured by Allstate Insurance, Allstate Insurance Corporation and Encompass Insurance, at the very least. (Am. Compl. ¶ 57);

> Plaintiff, MARIE BARBARA BOURGOIN'S, original Complaint named Kai Mcginty[3] and the Law Firm of Bernstein, Shur, Sawyer & Nelson as Defendants. How can they represent Allstate Insurance Corporation and not represent themselves? It's against the original Articles of Incorporation. They represent another entity and get paid fees? (Id. ¶ 59);

> Defendant, American Suzukii, offered a Mercedes to each driver living in the State of Maine, free insurance for their lifetime and their families, $137 trillion for Auburn, high end schools, high end clothes, same for safety and protection, records, return of their real family members from around the world, high end homes, hospitals, clothes, etc. and the same for Lewiston. It was denied by Judges Lewis, Lopesko, Kopeko, Delia Bourgoin, goodwill, angelo bourgoin, demajni, Gloria adler, brian bourgoin, Chad pugatch, Oppenheimer, the sheiks of

---

[2] Bourgoin has also sued American Suzuki Motor Corporation and the body of the amended complaint simply references American Suzuki, thus I am unsure which defendant is actually referenced in Paragraph 77. That paragraph is the only mention of the American Suzuki entities outside of the references made in the caption to the complaint.

[3] The correct spelling of this attorney's last name seems to be McGintee.

dubai emirate, for the sale of body parts. Thus, there is an additional Claim for tortuous interference and I want the monies to come to me for distribution to the victims. This leaves all the men out unless their children were slaughtered. It leaves out all governmental people and all medical people and lawyers because they have filed to come to our aid. (Id. ¶ 77).

Next I turn to the solitary response to the motions, a document clearly directed at American Suzuki Financial Services' motion to dismiss. There I find the following explication:

> 1. PLAINTIFFS, MARIE BARBARA BOURGOIN, INDIVIDUALLY AND IN EACH CAPACITY LISTED IN THE AMENDED COMPLAINT, does not add, the attorneys of Jensen Baird, et al. in capacities of Kenneth Cole Shoes, etc. because they did not derive any profits per se. The blacks had the attorneys at Jensen Baird, per Jensen Baird partners use their names to sell merchandise, but the blacks put the monies into an account for unemployment for themselves in Fort Lauderdale, Florida.
>
> 2. Yet, you continue to have L.L. Bean and other stores located in Freeport, Maine which sell your merchandise to customers and distributors rather than where a witness lives in Auburn, Maine.
>
> 3. Plaintiffs, MARIE BARBARA BOURGOIN, INDIVIDUALLY AND IN EACH CAPACITY LISTED IN THE AMENDED COMPLAINT personally witnessed these sums being drawn every 2 weeks, notified the attorneys and the legal authorities.
>
> 4. However, Plaintiffs, MARIE BARBARA BOURGOlN, INDIVIDUALLY AND IN EACH CAPACITY LISTED IN THE AMENDED COMPLAINT has had no relief from an Injunctive Relief Order, no attorneys' fees paid although she sleeps in a slum apartment with nothing for a cover but a small useless pillow and a quilt, with no bed, no furniture, because the floor would not tolerate any weight, The stress is immeasurable, yet Defendants, American Suzuki Financial Services, ASFS and Defendants, Jensen, Baird, Gardner & Henry, say this is incredulous to describe the damages and with no relief from an Injunctive Relief Order. Since filing suit, this Curt has offered no relief, although everyone states it is accepted as true, members of Jensen Baird Gardner & Henry are sitting powerfully and now sorting out PLAINTIFF, MARIE BARBARA BOURGOIN, INDIVIDUALLY AND IN EACH CAPACITY LISTED ON AMENDED COMPLAINT, MAIL at Great Falls Plaza, Auburn, Maine
>
> 5. With the volume of stress, PLAINTIFF, MARIE BARBARA BOURGOIN, INDIVIDUALLY AND IN EACH CAPACITY LISTED ON THE AMENDED COMPLAINT is afraid valuable information to assist the attorneys

of Jensen, Baird, et at. will be lost. The attorneys have not helped themselves because there has been no offer of payment of attorneys' fees. Even if a Judge Orders no payment of attorneys' fees and/or costs, pursuant to the American Civil Disabilities Act, the attorneys must offer it to the Plaintiffs, even if a Statement has not yet been presented. Will the judges defend the attorneys in such a legal action?

6. As legal justice must come from some place, it is clear there is no legal justice in the Federal court in the State of Maine, even though PLAINTIFF, MARIE BARBARA BOURGOIN, INDIVIDIUALLY AND IN EACH CAPACITY LISTED IN THE AMENDED COMPLAINT, hoped the judges in the State of Maine would walk the land with honor, because one never knows when it is going to happen to them. Thus, since they have ruled against PLAINTIFFS, MARIE BARBARA BOURIGOIN, INDIVIDUALLY, AND IN EACH CAPACITY LISTED IN THE AMENDED COMPLAINT, knowing it was the truth, PLAINTIFFS, MARIE BARBARA BOUIIGOIN, would not be a good witness because non-payment of attorneys' fees is a severe violation of the American Civil Disabilities Act, and Defendants say there are damages re remote.

7. Defendants, American Suzuki and ASFS, and their attorneys, Jensen, Baird Gardner & Henry, purposely failed to list Plaintiff, MARIE BARBARA BOURGOIN, Individually and In Each Capacity As Listed In The Amended Complaint.

8. Clearly, Defendants, American Suzukii and ASFS and now their attorneys, hand in hand, wish to continue RICCO and Fraud, in not paying for damages, and is a requirement for filing in Federal Court.

9. When damages are worth trillions of dollars, legal demand MUST BE for trillions of dollars. Are Defendants, American Suzuki Financial Services, ASFS and Jensen STATING they are unwilling to pay for damages they inflicted? If you wish to know where you stand, the scars are visible and then, there are the witnesses who will testify as to the depth of torture, the atrocities committed, what they witnessed along with the children of the owners of Jensen Baird, because you see, the owners of Jensen Baird, Gardner & Henry are not Jensen, Baird et al.

10. As to who did what, when, where, an overwhelming task because it happened then and is still continuing, and is constant giving more reason and import for filing suit in Federal court.

11. Each time PLAINTIFFS, MARIE BARBARA BOURGOIN, state a physical weakness as to injury, Defendants break into her apartment continuing atrocities. Are the judges and Defendants saying they want the atrocities to continue so there is no case, no truth, no payment as to damages, no payments as

to attorneys' fees?

12. Pursuant to the American Civil Disabilities Act, Defendants and their attorneys are forbidden from using such words as " multitude" latin terms, "purportedly", "alleges", "well pled", "threadbare", "words of ridicule", restating words so as to make it seem incredible, inciting laughter, torment, anguish, stress so as to impact further upon PLAINTIFF, MARIE BARBARA BOURGOIN, INDIVIDUALLY AND IN EACH CAPACITY AS LISTED ON AMENDED COMPLANT, AND to make it seem as if it did not happen. Further, Defendants and their attorneys are acting hand in hand as to further fraud, and RICCO AND FURTHER DAMAGES.

13. Yet, Defendants and their attorneys advertise the difference between a successful law firm and an average law firm is the ability to understand and solve complex and novel issues. Can they understand fraud? Can they understand RICC?

14. Yet, Defendants and their attorneys advertise they are a full-service law firm committed to providing their clients with the highest level of legal service in a wide variety of practice areas. And they are proud to have an established record of achievement, which they sustained by their commitment to their clients and the ideals of the legal profession Said advertisement is attached hereto and made a part hereof as Exhibit 1.

15. What is their profession? To defraud their own attorneys, to defraud their clients. To commit further fraud on a blind woman, one who suffers from a traumatic head injury and is totally deaf? Surely, this must be what they are speaking of when they say they have an established record of achievement, as they are sorting PLAINTIFF, MARIE BARBARA BOURGOIN'S, Mail at the post office and it has been filmed and their voices recorded and photographs taken.

16. Yet, Defendants and their attorneys continue to violate the American Civil Disabilities Act which prohibits them from using such words as "possibly", "constitute, "explicit", "offered to provide".  They are prohibited from using in pro se complaints and in pleadings involving a disabled person, they are prohibit from saying they are are disabled persons, prohibited from using ad damnum and "clause", prohibited from using words such as "short and plain", "statement of claim" "showing the pleader is entitled to relief", etc.

17. When a complainant provides information and states she has witnesses to back up the facts, and all has been thoroughly investigated by the workers compensation division with no statutes of limitations, by testimonies from defendants, etc.

18. These are a few of the problems with the Motion to Dismiss.

(Resp. Mot. Dismiss, Doc. No. 24).

I have painstakingly set forth the verbatim allegations in the amended complaint and the plaintiffs' explication by way of the responsive pleading to the motion to dismiss in order to avoid the pitfall of being accused of mischaracterizing Ms. Bourgoin's prose. I am unable to fairly summarize her claims and thus I have allowed them to speak for themselves.[4]

*American Suzuki Financial Services' Motion to Dismiss*

I note as a preliminary matter that American Suzuki Financial Services, in addition to discussing the amended complaint allegations I have highlighted, notes that in certain paragraphs of the amended complaint Bourgoin has described conduct which she attributes to "each defendant." (See Am. Compl. ¶¶ 33, 34, 35, 48, 50, 51, 57, 64, & 70, Doc. No. 20.) Thus Bourgoin has alleged a collection of wrongs by American Suzuki ranging from falsifying employment records to handing out cash deposit envelopes, among others. None of the nine cited paragraphs contains anything but the most conclusory allegations and some of them defy logical explanation. (See Am. Compl. ¶ 34) (alleging that each defendant came onto the premises at Goodwill and bludgeoned her, cut off her limbs and made her work in that condition, kidnapped her, took her to Maine, and hunted her down like an animal). American Suzuki has moved to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(h)(3) and 12(b)(6).

Individuals cannot bring charges under federal criminal statutes. See Keenan v. McGrath, 328 F.2d 610 (1st Cir.1964); accord Cok v. Consentino, 876 F.2d 1, 2 (1st Cir.1989). This pleading is clearly not viable to the extent that Bourgoin is attempting to use it as a vehicle

---

[4] In addition, I have not attempted to note or correct multiple spelling or punctuations errors.

to punish the defendants for wire theft or slaughtering children, to the extent those allegations pertain to third parties such as each and every person in the State of Maine or government leaders. This court has no subject matter jurisdiction to entertain a criminal complaint brought by an individual in her own name or in any of her "capacities."

Bourgoin's legal claim in this court is self-constructed as one involving federal, state, and non-state actors. She has failed to allege a "plausible suggestion of conspiracy" between these various individuals and entities. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 566 (2007). See also Iqbal, 556 U.S. __, 129 S.Ct 1937; Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Simply because Bourgoin believes that her factual allegations are true and for purposes of Rule 12(b)(6) analysis this court accepts as true well pled factual allegations, it does not mean that the case ought not be dismissed for failure to state a federal constitutional claim or lack of federal subject matter jurisdiction. Other courts have arrived at the same conclusion concerning similar allegations, see, e.g., Mitchell v. Abel, No. 88-2438, 1989 WL 102954, 2 (9th Cir. 1989) (unpublished); Christian v. Moore, No. 3:10-CV-302-FDW-DSC, 2010 WL 3418390, 1 -2 (W.D.N.C. Aug. 30, 2010) (unpublished); Hix v. Bush, No. 10-12366, 2010 WL 2560446, 1 (E.D.Mich. June 16, 2010) (unpublished); Lignell v. Catholic Church, No. 2:09-cv-1151-CW-PMW, 2010 WL 2521452, 3 -5 (D. Utah May 6, 2010) (unpublished).

The claim against American Suzuki is devoid of legal merit. It lacks the necessary nonconclusory factual detail that is necessary to make a determination of whether any legal theory could be invoked to support a claim of liability for trillions of dollars in damages as sought by the complainant. It should be dismissed with prejudice.

*Allstate and Encompass's Motion to Dismiss*

These defendants have moved for dismissal on much the same basis as American Suzuki and for the same reasons as noted above their motion should be granted. However, this motion has another dimension in that the defendants have requested that this court enter an injunction which at a minimum would establish a screening process whereby the court would examine any future complaints prior to their filing. Defendants have not cited, nor am I aware of, any other lawsuits that Bourgoin has filed against either defendant in this court or any other court. However, in her amended complaint the law firm representing these two defendants has suddenly appeared as a named defendant and the complaint itself suddenly contains scurrilous allegations concerning one of the defendants' lawyers.

In view of the inflammatory nature of Bourgoin's allegations concerning counsel for Allstate and Encompass, it would be entirely within this Court's discretion to actually place filing restrictions on Bourgoin once she has had her opportunity to object to this recommended decision. See, e.g. Keyter v. 535 Members of 110th Congress, Nos. 08-1061, 08-1063, 08-1064, 277 Fed. Appx. 825, 827 (10th Cir. May 13, 2008). Even though Bourgoin does not have an apparent track record of filing lawsuits in this court, the ad hominem attack on counsel for Allstate and Encompass, initiated after they commenced representation of the original defendants, is the sort of stuff that would normally engage the gears of Rule 11 of the Federal Rules of Civil Procedure if filed in the context of a lawsuit in a rational universe.[5] At a bare minimum I would strongly recommend that this court issue a screening order that would relieve

---

[5] In a rather bizarre allegation, Bourgoin alleges that in 1973 one of the defendants' attorneys shot her grandmother. No other factual content is disclosed. (Am. Compl. ¶ 74.) That attorney's MARTINDALE-HUBBELL (R) LAW DIRECTORY profile as viewed on the LexisNexis indicates a 1981 year of birth. See Marhub ME 612851. I am at a loss for an explanation, but it seems fair to say that counsel should not have to respond to such allegations.

these defendants and their law firm from responding to any subsequent pleadings in this case in this court containing allegations relevant to Allstate, Encompass, Bernstein Shur, or any lawyers at the firm, unless this court specifically orders a response filed by the applicable party. Bourgoin is hereby placed on notice that unsubstantiated allegations against individuals can result in sanctions under Rule 11, including the imposition of costs and or other monetary penalties.

**Conclusion**

Based upon the foregoing I recommend that both motions to dismiss be granted and I also recommend that Allstate and Encompass and their law firm be relieved from filing further responses in this litigation unless specifically ordered to do so by this court.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 12, 2011 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge